IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LIONEL LEE WEEKS,<br><br>Defendant. | CR 15-50-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Lionel Lee Weeks (Weeks) has been accused of violating the conditions of his supervised release. Weeks admitted the alleged violations. Weeks's supervised release should be revoked. Weeks should be placed in custody for 3 months, with 45 months of supervised release to follow. Weeks should serve the first 60 days of supervised release in a secure inpatient drug treatment facility as directed by his probation officer.

## II. Status

Weeks pleaded guilty to Possession with Intent to Distribute Methamphetamine on November 3, 2015. (Doc. 28). The Court sentenced Weeks to 68 months of custody, followed by 4 years of supervised release. (Doc. 35).

Weeks's current term of supervised release began on May 27, 2020. (Doc. 45 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on February 2, 2021, requesting that the Court revoke Weeks's supervised release. (Doc. 45). The Amended Petition alleges that Weeks violated the conditions of his supervised release by using methamphetamine on two separate occasions.

**Initial appearance**

Weeks appeared before the undersigned for his initial appearance on February 18, 2021. Weeks was represented by counsel. Weeks stated that he had read the petition and that he understood the allegations. Weeks waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 18, 2021. Weeks admitted that he had violated the conditions of his supervised release by using methamphetamine on two separate occasions. The violations are serious and warrant revocation of Weeks's supervised release.

Weeks's violations are Grade C violations. Weeks's criminal history

category is I. Weeks's underlying offense is a Class B felony. Weeks could be incarcerated for up to 36 months. Weeks could be ordered to remain on supervised release for up to 48 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Weeks's supervised release should be revoked. Weeks should be incarcerated for 3 months, with 45 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Weeks should serve the first 60 days of supervised release in a secure inpatient drug treatment facility as directed by his probation officer.

### IV. Conclusion

The Court informed Weeks that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Weeks of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Weeks that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Lionel Lee Weeks violated the conditions of his supervised release by using methamphetamine on two separate occasions.

The Court **RECOMMENDS:**

That the District Court revoke Weeks's supervised release and commit Weeks to the custody of the United States Bureau of Prisons for 3 months, with 45 months of supervised release to follow. Weeks should serve the first 60 days of supervised release in a secure inpatient drug treatment facility as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 22nd day of February, 2021.

John Johnston
United States Magistrate Judge