IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 15-50-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LIONEL LEE WEEKS, | |
| Defendant. | |

## I. Synopsis

Defendant Lionel Lee Weeks (Weeks) has been accused of violating the conditions of his supervised release. Weeks admitted all of the alleged violations. Weeks's supervised release should be revoked. Weeks should be placed in custody for 14 months, with no supervised release to follow.

## II. Status

Weeks pleaded guilty to Possession with Intent to Distribute Methamphetamine on November 3, 2015. (Doc. 28). The Court sentenced Weeks to 68 months of custody, followed by 4 years of supervised release. (Doc. 35). Weeks's current term of supervised release began on May 20, 2021. (Doc. 71 at 2).

**Petition**

The United States Probation Office filed a Second Amended Petition on February 3, 2022, requesting that the Court revoke Weeks's supervised release. (Doc. 71). The Second Amended Petition alleges that Weeks violated the conditions of his supervised release: 1) by possessing a taser; 2) by using methamphetamine on two separate occasions; 3) by violating the terms of his home confinement; and 4) by consuming alcohol.

**Initial appearance**

Weeks appeared before the undersigned for his initial appearance on the Second Amended Petition on April 12, 2022. Weeks was represented by counsel. Weeks stated that he had read the petition and that he understood the allegations. Weeks waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 12, 2022. Weeks admitted that he had violated the conditions of his supervised release: 1) by possessing a taser; 2) by using methamphetamine on two separate occasions; 3) by violating the terms of his home confinement; and 4) by consuming alcohol. The violations are serious and warrant revocation of Weeks's supervised release.

Weeks's violations are Grade C violations. Weeks's criminal history category is I. Weeks's underlying offense is a Class B felony. Weeks could be incarcerated for up to 36 months. Weeks could be ordered to remain on supervised release for up to 45 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Weeks's supervised release should be revoked. Weeks should be incarcerated for 14 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Weeks that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Weeks of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Weeks that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Weeks stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Lionel Lee Weeks violated the conditions of his supervised release: by possessing a taser; by using methamphetamine on two separate occasions; by violating the terms of his home confinement; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Weeks's supervised release and commit Weeks to the custody of the United States Bureau of Prisons for 14 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 13th day of April, 2022.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge